UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

_____

In re:

ROBERT J. KOLESAR and                           Case No. DK 09-03721
HEATHER D. KOLESAR,                             Hon. Scott W. Dales
                                                Chapter 7
                Debtors.
_____/

FREE LAND, LLC,

                Plaintiff,                      Adversary Proceeding
                                                No. 09-80328

v.

ROBERT J. KOLESAR and
HEATHER D. KOLESAR,

                Defendants.
_____/


OPINION AND ORDER REGARDING DEFAULT JUDGMENT

          PRESENT:   HONORABLE SCOTT W. DALES
                     United States Bankruptcy Judge


      William Freeland ("Mr. Freeland") filed a complaint against Defendants, Robert and

Heather Kolesar (collectively the "Defendants" or the "Kolesars"), seeking to except from

discharge a debt arising from the Defendants' alleged misrepresentations in connection with a

complicated series of corporate transactions involving Mr. Freeland and his company, Free

Land, LLC. The court held a hearing on Mr. Freeland's motion for default judgment on March

11, 2010 in Kalamazoo, Michigan (the "Default Hearing"), during which Mr. Freeland testified.

The following findings are based upon his testimony, the exhibits admitted at the Default Hearing,[1] and the amended complaint, which the Defendants have not answered.

The court has jurisdiction over the Kolesars' bankruptcy case under 28 U.S.C. §§ 157(a) and 1334(a), and the automatic reference from the United States District Court for the Western District of Michigan. *See* LCivR 83.2(a) (W.D. Mich.).  This adversary proceeding to except the Kolesars' debt from discharge is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(I).

The injuries at issue in this proceeding arose from the Kolesars' statements to Mr. Freeland that their company, Kole R&J Leasing, Inc. ("Kole R&J"), was free of all debt and owned no personal property. The Kolesars made these representations to induce Mr. Freeland to cause Free Land LLC (the "LLC") to mortgage approximately 49 acres of farm land in Indiana (the "Indiana Farm"), purportedly so the parties could use it as "earnest money" for a series of corporate transactions in which the Kolesars and Mr. Freeland were interested (collectively the "Transaction"). If the Transaction fell through, Mr. Freeland believed the mortgage would be discharged in the same way earnest money would be returned.  But if the Transaction closed, Mr. Freeland thought he could control the amount of debt secured by the Indiana Farm because he intended to purchase Kole R&J from the Kolesars.  The Kolesars led Mr. Freeland to believe that, by the time the Transaction closed, he would be the controlling shareholder of Kole R&J and therefore in a position to determine the extent of the debt to be secured by the Indiana Farm.

Contrary to the Kolesars' representations, however, Kole R&J owed substantial debts, including an undisclosed debt to the LLC's new mortgagee -- the same entity to which the LLC pledged the Indiana Farm believing it would serve only as earnest money. Therefore, even

---

[1] The court admitted seven exhibits including a bill of sale, a mortgage, several documents from the Internal Revenue Service directed to Kole R&J, and a partial Indiana state court complaint to foreclose the mortgage on the Indiana Farm.

though the Transaction never closed, the LLC's mortgagee has been unwilling to discharge its mortgage on the Indiana Farm (because it secures Kole R&J's undisclosed debt) and is presently pursuing foreclosure.  In a nutshell, the Kolesars duped Mr. Freeland and the LLC into pledging the Indiana Farm to secure debts that the Kolesars or Kole R&J incurred.

Throughout this case, the court has reiterated concerns about whether Mr. Freeland was the proper plaintiff (given the injuries described) and directed Mr. Freeland's counsel, Robert Pleznac, Esq., to file an appropriate motion to substitute or otherwise join the LLC as the plaintiff in this proceeding. As instructed, on March 25, 2010, the LLC moved for an order permitting it to be substituted for Mr. Freeland as the real party in interest, under Fed. R. Civ. P. 17.  The Defendants did not oppose this motion, and the court granted the relief on May 5, 2010, substituting the LLC as plaintiff in Mr. Freeland's stead.

Although the evidence presented against Heather Kolesar at the Default Hearing was scant, Ms. Kolesar's failure to answer the amended complaint establishes the complaint's well-pleaded allegations. *See* Fed. R. Civ. P. 8(b)(6).  Because Heather Kolesar has not responded to the amended complaint or otherwise participated in this proceeding, she has admitted all allegations made against her in that pleading.  In addition, the court credits Mr. Freeland's testimony against Heather Kolesar in which he stated that she participated in promoting her husband's false statements and assisted in inducing the LLC to pledge the Indiana Farm as collateral for a debt owed solely by the Kolesars and Kole R&J.

The court also accepts the deemed admissions, the testimony, and other evidence inculpating Robert Kolesar, who appeared to be the engine behind the transactions at issue in this action.  He misrepresented the nature of the Transaction and the non-existence of the debts of Kole R&J, apparently to induce Mr. Freeland and the LLC to encumber the Indiana Farm.  As a

**Page 4 of 5**

result, the Indiana Farm will be lost through foreclosure, depriving the LLC of substantial value from its single asset. Mr. Freeland testified that each acre of the Indiana Farm is worth approximately $4,000.00 to $6,000.00. He based this opinion on his own experience as a real estate agent specializing in agricultural and commercial properties in Michigan, and as the owner of the LLC, which in turn owned the Indiana Farm. Certainly, Mr. Freeland's valuation testimony was relevant, and of course, not contradicted.

The court finds the LLC may suffer damages in the amount of $294,000.00, resulting from the encumbrance of 49 acres, valued at $6,000.00 each, depending upon the outcome of the foreclosure proceedings. The evidence persuades the court that the value of the Indiana Farm will probably be lost to the LLC's mortgagee as a result of the Kolesars' misrepresentations. However, until the LLC's mortgagee completes the foreclosure, the court cannot determine the amount of damages. For example, it is conceivable that the mortgagee may have reduced its claim by obtaining payment from other collateral or other guarantors, through negotiation or otherwise. On the present record the court cannot state the exact amount of damages, and will not premise its judgment on speculation.

Under the circumstances, the court will permit the LLC to supplement the record by filing an affidavit or declaration under 28 U.S.C. § 1746 regarding its damages, after the foreclosure of the Indiana Farm is complete.

NOW, THEREFORE, IT IS HEREBY ORDERED that the motion for default judgment (DN 14) is GRANTED as to liability only;

IT IS FURTHER ORDERED that all future papers filed in this adversary proceeding shall bear the caption that appears on the first page of this Order;

IT IS FURTHER ORDERED that the court shall conduct a status conference on November 9, 2010 at 11:00 a.m. in Kalamazoo, Michigan, unless Plaintiff sooner files an affidavit or declaration under 28 U.S.C. § 1746 that permits the court to enter judgment for a sum certain before that time.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Opinion and Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon William Freeland, Robert and Heather Kolesar, and Robert Pleznac, Esq.

END OF ORDER

**IT IS SO ORDERED.**

Scott W. Dales
United States Bankruptcy Judge

**Dated: May 11, 2010**